IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| STEVEN W. SMITH, | : | BANKRUPTCY NO.: 4-09-bk-09563-JJT |
| DEBTOR | : | |
| STEVEN W. SMITH | : | {**Nature of Proceeding**: Plaintiff's Motion for Summary Judgment (Doc. #4) and Defendant's Cross-Motion for Summary Judgment (Doc. #5)} |
| PLAINTIFF | : | |
| vs. | : | |
| ONE WEST BANK, FSB, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 4-11-ap-00335-JJT** |

# OPINION

The Plaintiff/Debtor, Steven W. Smith, has filed a Complaint against One West Bank, FSB, in an attempt to avoid a mortgage against his home, which he jointly owns with his spouse, Yvette Smith. The Debtor points out that the mortgage loan is in the Debtor's name with his mother, Delores Smith, but not his spouse, Yvette.

Heretofore, after claims litigation, I concluded that the Bank held a contingent expectancy interest in the Debtor's entireties owned real estate. *In re Smith*, 449 B.R. 221 (Bkrtcy. M.D.Pa. 2011).

Now, based on undisputed facts, the Debtor has moved for summary judgment arguing that the lien can be eliminated utilizing 11 U.S.C. § 544(a)(3). This provision of the Code gives the trustee the avoidance powers of a bona fide purchaser for value. The Debtor implies that the lien in question, signed only by the Debtor and his mother, would not survive a transfer of the

property by Debtor and his spouse during their marriage.

The Defendant, One West, responds by cross moving for summary judgment.

The Debtor must first overcome the hurdle of whether he, as a Chapter 13 Debtor, can utilize the strong arm powers of the trustee found in 11 U.S.C. § 544. The standing of the Debtor to file this Complaint implicates the subject matter of my jurisdiction and must be determined. If the Debtor has no standing, then this Court lacks subject matter jurisdiction to address the merits of the case. *ACLU-NJ v. Township of Wall,* 246 F.3d 258, 261 (C.A.3 (N.J.) 2001).

At least one appellate court has concluded that the Chapter 13 debtor possesses these strong arm powers of the trustee. *In re Cohen*, 305 B.R. 886, 900 (9th Cir. BAP 2004). The clear majority of Circuit and Appellate Panels do not. *In re Stangel*, 219 F.3d 498, 501 (5th Cir. 2000); *Cable v. Ivy Tech State College,* 200 F.3d 467, 474, 200 F.3d 467 (C.A.7 (Ind.) 1999) ("It would invite abuse to allow debtors to avoid transfers that the debtor knew at the time of transfer would work to the detriment of the creditors."); *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 220 (4th Cir. 1994)*; In re Hansen,* 332 B.R. 8, 11 (10th Cir. BAP (Wyo.) 2005); *In re Merrifield*, 214 B.R. 362, 365 (8th Cir. BAP 1997). Of critical import is the fact that our own Court of Appeals sides with the majority in concluding that a 13 debtor is unable to utilize these powers. *In re Knapper*, 407 F.3d 573, 583 (3rd Cir. 2005). Additionally, at least one treatise appears to be in accord.

> Except to protect an exemption, the Code does not specifically authorize Chapter 13 debtors to assert the strong-arm powers in § 544, to avoid statutory liens under § 545, to recover preferences under § 547 or to avoid fraudulent conveyances under § 548. Chapter 5 of the Code is applicable in Chapter 13 cases, but as discussed above with respect to turnover under § 542, the avoidance and recovery powers in Chapter 5 are worded in terms of an action "by the trustee." And the Supreme Court [citing to *Hartford Underwriters Ins. Co. v. Union Planters Bank,* 530 U.S. 1, 120 S.Ct. 1942, 147 L. Ed. 2d 1 (2000)] has

> admonished that when the bankruptcy court says "the trustee" can take some action, it means *only* the trustee can take that action—at least with respect to some of the powers of a trustee under Chapter 5 of the Bankruptcy Code.

Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 53.1, at ¶ [2], Sec. Rev. June 14, 2004, www.Ch13online.com (footnotes omitted).

That being said, the Debtor/Plaintiff's Motion for Summary Judgment must be denied, and the Defendant's Cross-Motion for Summary Judgment is granted.

By the Court,

Date: October 24, 2011

John J. Thomas, Bankruptcy Judge

(CMS)